## BAILEY *v.* COLLINS & a.

Courts of equity have jurisdiction of personal negative covenants, and will enforce their performance by injunction.

If the mischief sought to be avoided is irreparable, and arises from the non-fulfilment of a contract that may be enforced by a decree, equity will interfere.

A suit at law to recover damage sustained by the breach of a contract, and a bill in equity to compel the performance of the same contract, which is being constantly violated, may be maintained at the same time.

If a decree of injunction recommended by a referee is too extensive in it prohibition, it may be made more general or more specific by amendment.

BILL IN EQUITY. The plaintiff complains, that prior to June 12, 1877, he had been engaged at Ashland in the manufacture of leather board of a certain grade or quality, well suited to a particular trade, and that he had established and secured an extensive and profitable trade; that June 12, 1877, the plaintiff and the defendant Collins, and one Theodore Pinkham, entered into a copartnership, under the firm name of E. F. Bailey & Co., for the manufacture of leather board for the term of five years, at the plaintiff's mill in Ashland, and at the mill owned by Collins & Pinkham in Ashland; that November 1, 1878, Collins & Pinkham proposed to the plaintiff to dissolve the firm of E. F. Bailey & Co., and represented that if the plaintiff would consent to the proposed dissolution, and would deliver to Collins & Pinkham the possession of their mill, they, the said Collins & Pinkham, would not,

either of them, manufacture at said Ashland leather board like that which the plaintiff manufactured at his mill, or of the same grade or quality, or in imitation thereof, or supply the same trade, as that had done or then did; that they would not thereafter interfere with the trade or customers for such leather board, and that leather board like that manufactured by the plaintiff should not be sold to the customers using the plaintiff's leather board, or others by them, but would leave to the plaintiff, so far as they could do, the entire manufacture and sale of that grade or quality of leather board, and the entire trade therein; that the defendant Goodrich fully assented and agreed thereto; that the plaintiff, in consideration of the agreements of Collins, Pinkham, and Goodrich, agreed to a dissolution of the firm of E. F. Bailey & Co., and the possession of the Collins & Pinkham mill was surrendered to them; that the defendants, Collins & Goodrich, in violation of their agreements, and fraudulently contriving to injure and defraud the plaintiff, have manufactured and are now manufacturing leather board in their mill at Ashland, in looks, grade, and quality like that and in imitation of that which the plaintiff had been and was at the time of the dissolution manufacturing, and has been since and now is manufacturing; that the defendants have offered and are now offering to the plaintiff's customers their leather board so manufactured at Ashland, and like the plaintiff's; and that Collins & Goodrich have imitated, as closely as possible, the grade and quality of board manufactured by the plaintiff, and have sold the same, or caused the same to be offered for sale, to the plaintiff's customers as the same board in grade and quality as that manufactured by the plaintiff. The prayer of the bill is, that the defendants may be perpetually enjoined from manufacturing in their mill at Ashland any leather board in violation of their said agreement, or from selling the same, etc.

The defendants appeared and answered jointly, and first demurred generally for want of equity, claiming that the plaintiff's remedy was adequate at law.

The plaintiff also commenced a suit at law against Collins & Goodrich, declaring upon the same contract as that set out in his bill, and alleging the same breach or violation thereof, and claiming damages therefor.

The defendants moved that the plaintiff elect whether he would prosecute the suit at law or in equity, claiming that he should not be permitted to prosecute both suits at the same time. Motion denied, and the defendants excepted. The demurrer contained in the answer was overruled, and the defendants also excepted. By agreement of parties both actions were then sent to a referee, who reported that in the suit at law the plaintiff recover damages assessed at $100, with costs, and in the suit in equity that a decree should be entered perpetually enjoining the defendants from manufacturing in Ashland any leather board of the kind known as

veneer or tap-board, and from selling any such board manufactured at their mill.

*Carpenter*, for the defendants.

Equity will not enforce the specific performance of a contract such as that set forth in the bill.   It is altogether too loose, indefinite, and uncertain.   *Kemble* v. *Kean*, 6 Sim. 333; *Kimberley* v. *Jennings*, 6 Sim. 340; *Marble Company* v. *Ripley*, 10 Wall. 358; *Hamblin* v. *Dinneford* 2 Edw. 528; *Taylor* v. *Portington*, 7 De G. M. & G. 328; Fisher's Dig., Vol. 1, Contracts, 1718; *Cooper* v. *Hood*, 26 Beav. 293.   No injunction will be granted in such a case until the plaintiff's right is first established by law.   There is no finding that the damages are irreparable at law, but exactly the contrary.   *Burnham* v. *Kempton*, 44 N. H. 78; *Coe* v. *Lake Company*, 37 N. H. 254; *Van Bergen* v. *Van Bergen*, 3 Johns. Ch. 282; *Reid* v. *Gifford*, 6 Johns. Ch. 19; *Dana* v. *Valentine*, 5 Met. 8; *Whittlesey* v. *R. R. Co.*, 23 Conn. 421; *Bacon* v. *Jones*, 4 Myl. & C. 433, 436; 2 Story Eq. Jur. 240, note; *Bonaparte* v. *R. R. Co.*, 1 Bald. Cir. R. 218; 2 Story Eq. Jur. 268, note.   The motion that the plaintiff be required to elect whether he will prosecute the suit in law, or in equity, and that he be not permitted to prosecute both suits at the same time, should have been granted.   *Colt* v. *Partridge*, 7 Met. 576; *Livingston* v. *Kane*, 3 Johns. Ch. 224; *Sanger* v. *Wood*, 3 Johns. Ch. 416; *Rogers* v. *Vosburgh*, 4 Johns. Ch. 84; *Rogers* v. *King*, 8 Paige Ch. 210, 211; *Jones* v. *Strafford*, 3 P. Wms. 79, 90; *Mocher* v. *Reed*, 1 Ball & B., 318; *Mortimore* v. *Soares*, 1 El. & El. 399.

*Pike & Parsons*, for the plaintiff.

FOSTER, J.   Courts of equity have jurisdiction of personal negative covenants, and will enforce their performance by injunction. 2 Dan. Ch. Pr. (2d Am. ed.) *1875; 2 Story Eq. Jur., s. 958; High Inj., ss. 695, 696; *Lumley* v. *Wagner*, 1 De G. M. & G. 604, overruling *Kemble* v. *Kean*, 6 Sim. 333, and *Kimberley* v. *Jennings*, *ib.* 340.   And particularly is this true in cases of unauthorized competition in business, in violation of agreements made upon the dissolution of partnerships.   Hill. Inj., c. 1, s. 13; High Inj., s. 818; *Hanson* v. *Gardiner*, 7 Ves. 305; *Angier* v. *Webber*, 14 Allen 211, 216.

If the injury is one for which ample redress may be obtained at law, equity will not interfere.   It must be of such a nature as not to be susceptible of adequate compensation in damages, and arising out of the non-fulfilment of a contract that may be enforced by a decree.   In such cases the protection of the invaded right by summary equitable proceedings is exercised for the prevention of irreparable mischief.   High Inj., s. 818.

There is no incompatibility in the maintenance of a suit at law to recover damages already sustained, and the enforcement at the same time, by injunction, of the contract, which the defendants are continually violating. The one procedure affords compensation for an injury experienced, the other prevents its repetition; and in the case of the violation of an express contract, the plaintiff is not required first to establish his right at law. *Foote* v. *Linck*, 5 McL. 616. There is a manifest distinction between such a case, and one where the injunction is sought on the ground of repeated trespasses or nuisances. *Burnham* v. *Kempton*, 44 N. H. 78.

The plaintiff, therefore, ought not to be required to elect between the two remedies, since the object sought in each is not the same, and the remedy in neither, of itself, sufficient.

It is undoubtedly true that vague and uncertain contracts will not be enforced *(Marble Co.* v. *Ripley*, 10 Wall. 358), but there is nothing in the allegations of this bill to prevent such a decree as the referee has recommended. The court cannot by interpretation make a new contract for the parties, but it may be fair to assume that the referee's findings are in substantial accord with the allegations of the bill. If veneer and tap-board are designations embracing more than the prohibited kind of manufacture, the decree may be made more general or more specific by amendment.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.